(11 App. Div. 224.)

## TREDWELL v. CITY OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

1. STREET ASSESSMENTS—VALIDITY—GRADING ON UNAUTHORIZED COURSE.

An assessment for grading a street will be vacated where the street was graded on a different course than that authorized by the board of supervisors, and laid out on the opening and grading maps from which the assessment was made, so as to make the district of assessment of greater depth on one side of the street than on the other, and to make a part of the street of property which was assessed as abutting thereon.

2. SAME—ACTION TO VACATE.

An action will lie to set aside an invalid assessment as a cloud on the title of property liable thereto, where the facts from which the invalidity arises do not appear on the record of the assessment proceedings.

Appeal from special term, Kings county:

Action by Alanson Tredwell against the city of Brooklyn, impleaded with R. Ross Appleton, as tax collector of the city of Brooklyn. From a judgment vacating the assessment, and enjoining the collection thereof, defendant the city of Brooklyn appeals. Affirmed.

The opinion of Mr. Justice OSBORNE at special term is as follows:

On or about December 23, 1886, resolutions were adopted by the board of supervisors of Kings county, altering the line of Emmons avenue, in the then town of Gravesend, as laid down on the town survey commissioners' map, between East Fourteenth street and the westerly end of Plumb Island, and according to the map annexed. Said resolutions further provided for application to the supreme court for the appointment of opening commissioners to open said Emmons avenue, as changed, from East Fourteenth street to Hog Point creek, and to assess the damages by reason thereof, and that, on the confirmation of the report of the opening commissioners, the supervisor of said town should appoint three grading commissioners, who should grade, construct, and improve said avenue, and assess the expense thereof proportionately on the lands in their judgment benefited thereby. The district of assessment for opening and for grading and constructing said avenue was to include the lands on each side thereof to the distance of 400 feet. The course of said avenue, as altered, and as shown on the opening map, was to run, after leaving the creek or inlet known as "Leonard's Creek," in a direction south, 68 deg. 12 min. east, for a distance of 950 feet to the westerly end of Plumb Island. Under these resolutions application was made to the supreme court, which appointed opening commissioners, who proceeded to assess the damages for the lands and buildings taken for such opening on the district prescribed, and the assessment thereof was confirmed by the supreme court. Appeal was taken therefrom, and the confirmation of that assessment was subsequently affirmed by the court of appeals. Thereafter the supervisor of the town of Gravesend appointed three grading commissioners to grade and construct said avenue, and these commissioners, in advance of the work, assessed the estimated expense on the district of assessment fixed by the board of supervisors as aforesaid, and this assessment was confirmed in March, 1889, but the actual work of grading and constructing the avenue was not done till 1890. Plaintiff, as owner in fee, with others, of the lots designated on the opening and grading maps by the numbers 135, 172, 177, 178, 179, 143, 143a, and 181, brings this action to have said assessments on said lots declared illegal and void, and to remove the cloud of said assessments from said lots, and to enjoin the collection thereof.

Plaintiff bases his claim for relief on the grounds that said avenue has not been graded, constructed, and improved as said avenue was laid out on the opening and grading maps; that the width thereof, east of East Twenty-Seventh street, has been decreased 25 feet; that said avenue is not graded and constructed on the land or in the direction designated on the opening and grading maps, but on the other land; that the assessments for grading and constructing said avenue have been laid on an area of plaintiff's land extending 400 feet on each side of

said avenue, at right angles therewith, as laid down on the opening and grading maps, but not at right angles with said avenue, or for 400 feet on either side thereof, as graded and constructed; that the length of said avenue, as constructed through lots 143 and 181, is shorter by 144 feet than the length as laid down on said maps, and his assessment is larger than it would have been if said lots had been assessed as the avenue now runs and is graded and constructed; and that the work has been so improperly done that much of it crumbled away within less than a year after its construction. In so far as the assessments on plaintiff's lands for the opening of Emmons avenue are concerned, I am of the opinion that he is not entitled to any relief. That assessment, as already stated, was confirmed by the supreme court, on due notice to all parties interested. Objection was made by a property owner other than plaintiff to such confirmation, but such objection was overruled by the court, and its action has been affirmed by the court of appeals. Nothing has been shown by the plaintiff on the trial of this action calculated in any manner to affect the validity of that assessment.

As to the action of the grading commissioners in grading and constructing said avenue, or a portion thereof, I think enough has been shown on the trial of this action to entitle the plaintiff to relief with reference to some of the assessments levied therefor. It was provided by the board of supervisors that Emmons avenue, after leaving Leonard street, should run in a direction south, 68 deg. 12 min. east, for 950 feet to the westerly end of Plumb Island, and the course is so laid down on the opening and grading maps. Instead of being so graded and constructed, the evidence shows that Emmons avenue, after leaving Leonard's creek, has been graded and constructed in a direction south 84 deg. 45 min. In other words, instead of said avenue being built west of Leonard's creek in a nearly southeasterly direction, no bend at all was made, but the avenue was continued in the same, or nearly the same, line as graded and constructed west of Leonard's creek. The result of this was that some of the lots on the north side of the avenue, as laid out and assessed on the opening and grading maps, were left with an actual depth of less than 400 feet, while lots on the south side were left with a much greater depth, notwithstanding the district of assessment had been fixed and mapped to the depth of 400 feet on each side of the avenue. More than this, a small gore lot belonging to plaintiff on the north side of the avenue as mapped out, designated on the maps as 143a, was, by this alteration of the line of construction, actually made to constitute a portion of the avenue as graded and constructed, although the grading commissioners had, by their report, levied an assessment for benefit thereon. I think that it is plain that the action of the grading commissioners and their agents in so grading and constructing Emmons avenue east of Leonard's creek in a different line or course from that shown on the maps constituted a trespass, a wrongful act, on the lands of the plaintiff, and an assessment to pay for the cost of the wrong cannot legally be laid on the lands affected thereby. In other words, the plaintiff cannot be compelled to pay for a trespass committed upon his lands. In re Cheesebrough, 78 N. Y. 232; Speir v. Town of Utrecht, 121 N. Y. 420, 24 N. E. 692. It follows, therefore, that the assessments for grading and constructing Emmons avenue, laid by the grading commissioners on those lots of the plaintiff, or in which he has an interest, lying east of Leonard's creek, and designated on the opening and grading maps by the numbers 143, 143a, 177, 178, 179, and 181, must be vacated and set aside.

As the facts on which the invalidity of these assessments is based do not appear on the record, this action is properly brought in equity to vacate and set aside the same, as a cloud upon plaintiff's title. By chapter 118 of the Laws of 1892, entitled, "An act in relation to local improvements in the town of Gravesend, in the county of Kings," it was provided that all unpaid assessments for local improvements theretofore levied in said town, exceeding $100 on any one plot, instead of being assessed, levied, and collected as theretofore provided by law, should not be deemed to have been assessed or to be payable except in and by the equal annual installments to be levied as by said act directed; and the act further directed that the board of assessors of said town should levy annually one-fortieth part of every such sum theretofore unpaid in each year on the land originally assessed, and that such installments should be liens on the respective parcels only from the time they were levied, and that such assessments should not be, or be deemed to be, a charge or lien against such lands, except in and by said equal installments from the time they should respectively be levied. The effect of this

act was to vacate the assessments as a present and subsisting lien, and to substitute therefor a provision for the levying of the same in 40 equal annual installments, with interest; and said act also provided that any owner might, at any time, pay all the installments not levied, "but which are provided by this act to be levied on said land, and thereupon the said land shall be discharged from all further liability on account thereof." By chapter 449 of the Laws of 1894 the town of Gravesend was annexed to the city of Brooklyn, and it was therein provided that all warrants for the collection of taxes and assessments affecting and levied upon property in said town should be issued by the collector of taxes of the city of Brooklyn, and payment thereof enforced in the same manner and by the same officers as the taxes of other wards in said city.

It is claimed by the plaintiff that the defendant Appleton, as collector of taxes of the city of Brooklyn, has issued bills for a proportionate part of the assessment levied on plaintiff's said lands, and is seeking to enforce payment thereof. As, however, said collector is not vested with any power to collect such assessment by process of law, plaintiff is entitled to no affirmative relief against him, and the complaint should be dismissed as to him. I am of the opinion that the plaintiff is entitled to judgment vacating and setting aside and declaring null and void all assessments for grading and constructing Emmons avenue, or any proportionate part thereof, heretofore levied or sought to be levied against the lots designated on the opening and grading maps of Emmons avenue by the numbers 143, 143a, 177, 178, 179, and 181, and also to a judgment perpetually enjoining the city of Brooklyn, or any of its officers, from hereafter levying or seeking to collect any installment or portion of any assessments for grading and constructing Emmons avenue against the said lots last above mentioned. As the city of Brooklyn is in no manner responsible for the acts which have invalidated such assessments, plaintiff should not be awarded costs.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Joseph A. Burr (Alfred Mudge, of counsel), for appellant.
Horace Graves, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of the special term.

---

TUCKER v. E. L. GOODSELL CO.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

ATTACHMENT—AFFIDAVIT—PROOF OF FACTS.
　　An affidavit which avers the facts as on affiant's own personal knowledge does not prove such of the averments as relate to transactions with which affiant was not apparently connected.

Appeal from special term, New York county.

Action by Robert A. Tucker, Jr., against the E. L. Goodsell Company, aided by attachment. From an order denying a motion to vacate the attachment on the papers on which it was granted, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Dallas Flannagan, for appellant.
Thaddeus D. Kenneson, for respondent.

PER CURIAM. The order appealed from must be reversed. The affidavits upon which the attachment was granted are insuf-